## ALONZO CLARK v. STATE.

No. 7902. Opinion Filed July 31, 1931.
(2 Pac. [2d] 95.)

C. H. Tully, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J. Plaintiff in error, hereinafter called defendant, was convicted in the district court of McIntosh county of the crime of murder, and his punishment fixed by the jury at imprisonment for life in the state penitentiary.

The evidence of the state was that the defendant, a negro, lived on a farm northwest of the town of Cathey; that on the 28th day of September, 1929, he went to Eufaula to deliver some cotton; that, after selling his cotton, he got with some white men and they had several drinks of whisky and wine; that defendant invited these men to his home, where he had some home brew; that defendant left Eufaula in his wagon, but when overtaken by the white men got into their car and went on to defendant's home, where they arrived early in the evening; that defendant had some ice with him and immediately began to cool the beer and sell it to these customers at 20 cents a bottle; that the white men stayed at defendant's place and continued to drink until about 9 or 10 o'clock, when the shooting took place; that defendant had several fusses different parties at his house at that time, but that just prior to the shooting they appeared to be all settled; that, as these parties were leaving defendant's premises, defendant came out of the house with a knife in one hand and a pistol in the other; that he wanted to know where Joe Sampson, the man killed, was; that immediately defendant fired, and said, "There is one son-of-a-bitch down"; that he then warned the men not to crowd him, and fired another shot which hit the tank of the car of one of the men there; that defendant left the country and some time later was arrested in Detroit; that defendant made statements at the time of his arrest contrary to his testimony on the trial.

Defendant testified he fired the shots in self-defense, that these parties had attacked him, striking him with beer bottles, and that they had knocked him down to his knees, and he only fired the shots to save himself from death or great bodily harm.

Defendant contends, first, that the court erred in overruling his challenge to the panel.

When the case was called for trial, the defendant filed a timely challenge to the panel, but offered proof only upon the proposition that the jurors had not been selected from different townships of the county as provided by law.

An examination of the record discloses that the evidence offered by the defendant did not support his challenge. It was not error, therefore, for the court to overrule the same.

Defendant next complains that the court erred in refusing to give the special instructions requested by the defendant.

The trial court on its own motion gave the usual instructions in a murder case, and the same were as favorable to the defendant as the facts in the case would warrant.

There was no evidence in the record to require the giving of some of the instructions requested by defendant, others did not correctly state the law, and those which did in principle state the law had already been given by the trial court on its own motion.

Defendant next contends that the court erred in permitting the jury to be called in and evidence to be offered after the case had been finally submitted to the jury and they had retired for deliberation.

It appears from the record that the jury came into court, the state being represented by the county attorney and the defendant being personally present and represented by his counsel, and that thereupon the foreman of the jury made known to the court the jury's desire to

see the car and to see the gas tank that had been fired into.

The record further discloses that, after some discussion between the court, the county attorney, and defendant's counsel with respect to being able to produce the car itself, and upon agreement of counsel for defendant and the state that the car itself could not be produced, but that the man who repaired the hole in the gas tank could be produced, the court said:

"Let the record show that it is agreeable for counsel on both sides for the case to be reopened to introduce a witness, at the request of the jury, who has seen the car after the shot had been fired which has been testified to, that struck the gasoline tank, and that this witness is being produced at this time at the request of the jurors, so that they might obtain certain information which they desire."

And thereupon the state produced Ferndell Kay, who testified in chief, without objection on the part of the defendant or his counsel, concerning the car, and was cross-examined by defendant's counsel.

It is within the discretion of the trial court, where the state and the defendant both consented, to reopen the case for the purpose of hearing additional evidence, and, the defendant having consented to this procedure, he waived any right he might have had to object thereto, and cannot now be heard to complain.

Defendant complains of other errors, some of which are not supported by the record and others without sufficient merit to require a separate discussion in this opinion.

Cases of this character make the strongest possible argument for prohibition. Here we have a group of men,

neighbors and friends, associating together in peace. During the day they engage in drinking intoxicating liquor, all of them became more or less intoxicated, and as a result one man is murdered and another must spend his life in the penitentiary.

The errors of law complained of being without substantial merit, and the evidence being sufficient to support the verdict of the jury, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.